UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00020-CJC(ANx)					Date:  January 25, 2013

Title: <u>VIRGINIA ROTHSCHILD v. ALLY BANK, N.A., ET AL.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present					None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM**

On January 4, 2013, *pro se* Plaintiff Virginia Rothschild filed this action against Defendants Ally Bank, N.A. ("Ally") and Mortgage Electronic Registration Systems ("MERS"), (together, "Defendants") asserting several causes of action based upon the foreclosure of her property at 414 Aliso Ave., Newport Beach, CA.  Based upon a review of the Complaint, it appears that Ms. Rothschild fails to state a claim upon which relief can be granted.  This is primarily because her claims are premised on the allegation that Defendants lack an interest in her property due to the securitization process, a theory courts have repeatedly rejected.  Ms. Rothschild also maintains that MERS has no authority to conduct foreclosures.  This theory has also been rejected by California courts.  *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1157 (2011).

The Complaint suffers from a number of other problems.  For instance, Ms. Rothschild brings a negligence claim, although, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991).  Similarly, Ms. Rothschild brings a claim under California Civil Code section 2923.6, even though this section does not provide a private right of action.  *Farner v. Countrywide Home Loans*, No. CV 08-2193, 2009 WL 189025, at *2 (S.D.Cal. Jan. 26,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-00020-CJC(ANx)            Date: January 25, 2013
                                                                    Page 2

---

2009) ("[N]othing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers."). Likewise, Ms. Rothschild brings an action for violations of the federal Fair Debt Collections Practices Act ("FDCPA"), despite the fact that the FDCPA does not apply to mortgage servicers who are collecting on a mortgage debt. *See* 15 U.S.C. § 1692(a)(6)(F); *Skelley v. Bank of Am., N.A.*, Case No. 12-CV-1796 BEN MDD, 2012 U.S. Dist. LEXIS 120830, at *13–14 (S.D. Cal. Aug. 23, 2012) ("[C]reditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the [FDCPA].") (internal quotes omitted).

       Accordingly, the Court orders Ms. Rothschild to show cause why this case should not be dismissed for failure to allege any cognizable claim. Ms. Rothschild shall file an opposition to the Court's order to show cause by February 8, 2013. Defendants shall have until February 15, 2013 to file a response. This matter will be decided on the papers without any hearing.

mtg

MINUTES FORM 11
CIVIL-GEN                                                                               Initials of Deputy Clerk MU